G. PRATHER KNAPP, Plaintiff, *v.* REALTY HOTEL, INC., Defendant.

Supreme Court, Trial Term, New York County, February 15, 1950.

*Allen McCarty* for plaintiff.

*Reginald V. Spell* for defendant.

DICKSTEIN, J. The defendant moves to set aside the verdict of the jury which awarded to plaintiff damages for the loss of the manuscript of a historical work written by the plaintiff as well as a large quantity of notes and memoranda made by him in connection with the preparation of the manuscript, which notes and memoranda contained the results of extensive research into the history of St. Louis. The facts are briefly as follows: The plaintiff was a guest at the defendant's hotel when, on April 5, 1948, he was informed that the hotel was very crowded and that it had great difficulty in providing hotel accommodations for their customers. The plaintiff thereupon decided to give up his room at the hotel and transfer his personal belongings to the Lotos Club, of which he is a member.

Plaintiff thereupon instructed the hotel to pack up his personal belongings and hold them for him until he called for same. Later in the day the plaintiff called for his luggage, placed it in a taxicab and brought it to his room at the Lotos Club. Upon unpacking the luggage the plaintiff found that the manuscript, notes and memoranda were missing. The plaintiff gave immediate notice to the defendant that these papers were missing and the defendant has been unable to find them.

The jury found a verdict in favor of the plaintiff and assessed his damages at $4,000. The defendant, who has offered no evidence at the trial, moved to set aside the verdict upon two grounds: (1) that the plaintiff's claim is barred under section 201 of the General Business Law, and (2) that the plaintiff did not show that the personal property which he took with him into defendant's hotel and for the loss of which he brought this action was *not* lost at the Lotos Club after plaintiff moved from defendant's hotel to the Club.

On the second point the motion must be denied since the particular question as to *where* the loss occurred was thoroughly inquired into and the jury by its verdict evidently found that it took place at the hotel and its verdict on this point is not against the weight of the evidence.

The only question, therefore, left for the court's consideration on this motion is the applicability of section 201 of the General Business Law. This section reads as follows: " *Liability for loss of clothing and other personal property limited.* No hotel keeper except as provided in the foregoing section shall be liable for damage to or loss of wearing apparel or other personal property in the room or rooms assigned to a guest for any sum exceeding the sum of five hundred dollars, unless it shall appear that such loss occurred through the fault or negligence of such keeper, nor shall he be liable in any sum exceeding the sum of one hundred dollars for the loss of or damage to any such property when delivered to such keeper for storage or safe keeping in the store room, baggage room or other place elsewhere than in the room or rooms assigned to such guest, unless at the time of delivering the same for storage or safe keeping such value in excess of one hundred dollars shall be stated and a written receipt, stating such value, shall be issued by such keeper, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall appear that such loss occurred through his fault or negligence, and such keeper may make a reasonable charge for storing or keeping such property, *nor shall he be liable for the loss of or damage to any merchandise samples or merchandise for sale, unless the guest shall have given such keeper prior written notice of having the same in his possession, together with the value thereof, the receipt of which notice the hotel keeper shall acknowledge in writing over the signature of himself or his agent, but in no event shall such keeper be liable beyond five hundred dollars, unless it shall appear that such loss or damage occurred through his fault or negligence;* as to property deposited by guests or patrons

in the parcel or check room of any hotel or restaurant, the delivery of which is evidenced by a check or receipt therefor and for which no fee or charge is exacted, the proprietor shall not be liable beyond seventy-five dollars, unless such value in excess of seventy-five dollars shall be stated upon delivery and a written receipt, stating such value, shall be issued, but he shall in no event be liable beyond one hundred dollars, unless such loss occurs through his fault or negligence. Notwithstanding anything hereinabove contained, no hotelkeeper shall be liable for damage to or loss of such property by fire, when it shall appear that such fire was occasioned without his fault or negligence." (Added by L. 1924, ch. 506; amd. by L. 1925, ch. 400, eff. April 8, 1925. The portion in italics is urged by the defendant in support of its motion.)

" Merchandise " is defined in Webster's New International Dictionary, Second Edition, as " The objects of commerce; whatever is usually bought or sold in trade ". While the plaintiff's manuscript was intended for eventual publication it had no commercial value as such. None of the cases which were brought to the court's attention on this motion support the theory that the manuscript and notes in the present case, can be classed as " merchandise ". It was neither " merchandise samples " nor " merchandise for sale " within the purview of section 201 of the General Business Law. The cases cited do not deal with a situation like the one disclosed here where the object lost was an unfinished manuscript with notes which could not be easily replaced. Furthermore the jury considered the particular question as to whether this material was " merchandise " and by its verdict found that it was not.

The motion to set aside the verdict is denied.